BRIDGET BERTHA HALTON, Appellant, *v.* ELLEN CULLEN and Another, Respondents.

First Department, February 26, 1926.

Municipal corporations — New York City Employees' Retirement System — deceased employee designated wife as beneficiary, but in January, 1923, substituted sister as beneficiary — Laws of 1923, chap. 142, striking out requirement that beneficiary shall have insurable interest and providing for payment to such person " as he has nominated " gives sister right to money.

A sister of a deceased employee of the city of New York has the right to receive from the New York City Employees' Retirement System the amount authorized to be paid on the death of the deceased employee, since, while it appears that the employee originally designated his wife as beneficiary, he subsequently in January, 1923, substituted his sister as beneficiary and though at the time of the substitution the sister, who did not have an insurable interest, was not entitled to be a beneficiary under section 1717 of the Greater New York charter as it then read, such restriction was removed by chapter 142 of the Laws of 1923, which struck out the provision that the beneficiary must have an insurable

interest and provided that the money should be paid to such person " as he [employee] has nominated."

At the time of the employee's death his sister was his legal beneficiary and is entitled to the money.

APPEAL by the plaintiff, Bridget Bertha Halton, from a judgment of the Supreme Court in favor of the defendant, Ellen Cullen, entered in the office of the clerk of the county of New York on the 29th day of October, 1925, upon the verdict of a jury rendered by direction of the court, and also from an order denying plaintiff's motion for a new trial made upon the minutes.

*Henry M. Flateau* [*Henry Clay Greenberg* of counsel; *Henry M. Flateau* with him on the brief], for the appellant.

*Medina & Sherpick* [*Rufus Cole Van Aken* of counsel; *Harold R. Medina* with him on the brief], for the respondent Ellen Cullen.

*George P. Nicholson,* Corporation Counsel [*John F. O'Brien* of counsel; *Arthur Sweeny* with him on the brief], for the respondent New York City Employees' Retirement System, Inc.

McAVOY, J. The wife of a city employee who was a member of the New York City Employees' Retirement System brought this suit to recover a death benefit under section 1717 of chapter 26 of the Greater New York charter, which is payable in the event of the death of a member of the retirement system while in the active service of the city. The defendant Ellen Cullen, a sister of the deceased employee, received the judgment by way of affirmative relief against the retirement system for the amount of the benefit. Originally the plaintiff was designated as the beneficiary of the payment from this fund by her husband when he became a member of the system in 1920. Thereafter his sister, who is a defendant here, was designated as beneficiary in January, 1923, when the previous designation of the decedent's wife was expressly revoked. There is no question of the intent of the brother that the money should go to his sister, but the law question arises over the then provision of the statute which required the designation of a beneficiary who had an insurable interest in the life of the employee.

The provision known as section 1717 of the Greater New York charter, enacted by chapter 427 of the Laws of 1920, then read:

" § 1717. Upon the death of a member who is in city-service or who is on a civil service preferred eligible list by reason of such city-service, there shall be paid to his estate, or to such person, having an insurable interest in his life, as he shall have nominated by written designation duly executed and filed with the board of estimate and apportionment, (a) his accumulated deductions; and

\* \* \* (b) an amount equal to the compensation earnable by him during the six months immediately preceding his death."

Subsequently this section was amended by chapter 142 of the Laws of 1923, and the provision requiring that the beneficiary nominated by written designation have an insurable interest in the life of the employee was deleted and a new phrase substituted. The provision now reads in the part which affects this controversy:

" § 1717. Upon the death of a member who is in city-service or who is on a civil service preferred eligible list by reason of such city-service, there shall be paid to his estate, or to such person as he has nominated or shall nominate by written designation duly executed and filed with the board of estimate and apportionment \* \* \*."

Plaintiff contends that this amendment indicates the intent of the Legislature to have its effect apply only to designations subsequently made and that it cannot be construed to apply to designations already on file at the time of the enactment when such a designated beneficiary had no insurable interest in the life of the member of the system.

The defendant claimant asserts that the use of the words in the amending statute " to such person as he has nominated " or " shall nominate " indicates a legislative intent to have the new provisions of the section apply to those already nominated even though at the time of their nomination they were not persons having such an insurable interest as was then required.

We think this is the correct view of the effect of the amendment when one considers that the phrase " having an insurable interest in his life," was elided and that the legislation speaks in the words " has nominated " thenceforward in behalf of those who already had been nominated, but who without the amendment would not have had a right to receive the death fund as designated beneficiaries. While there was no redesignation of the sister after this amending legislation was passed, we do not find this an essential element for inclusion within the class mentioned in the statute as amended. The employee survived until April, 1924.

The amending act recited above having been passed in 1923, at the time of the death of the employee member, a designated beneficiary might be one who had no " insurable interest " in his life and hence defendant was entitled to recover the sum of the judgment.

The judgment and order should be affirmed, with costs.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Judgment and order affirmed, with costs.